UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60450-CIV-COHN/SELTZER/PALERMO

UNITED STATES COMMODITY
FUTURES TRADING COMMISSION,

    Plaintiff,

v.

ANGUS JACKSON, INC.,
MARTIN HAROLD BEDICK,
and MARTIN B. ROSENTHAL,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court on Defendant Martin Harold Bedick's Motion for Reconsideration of Order Denying My Request for a Hearing on the Sanctions [DE 77] ("Motion"). The Court has carefully reviewed the Motion and is otherwise fully advised in the premises.[1]

In his Motion, Bedick seeks reconsideration of the Court's Order [DE 74] granting in part Plaintiff's Motion for Summary Judgment and imposing various sanctions against Bedick and Defendant Angus Jackson, Inc.[2] Bedick's Motion is purportedly limited to the Court's denial of his "request for a hearing on the sanctions imposed in this case." DE 77 at 1; see DE 74 at 30-31 n.12. In substance, though, the Motion also contests

---

[1] Although Plaintiff has not yet responded to Bedick's Motion, the Court will nonetheless deny the Motion because it plainly lacks merit.

[2] As the Court has repeatedly noted, Defendant Angus Jackson, Inc., is not represented by counsel and thus did not respond to Plaintiff's Motion for Summary Judgment. See DE 74 at 1 n.1.

the sanctions assessed by the Court, arguing that they are "manifestly unjust, and should be withdrawn or reduced." DE 77 at 2.

As pertinent here, a motion for reconsideration may be granted "to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004). A court may not grant reconsideration, however, if "the motion does not raise new issues but only relitigates what has already been found lacking." Reyher v. Equitable Life Assurance Soc'y, 900 F. Supp. 428, 430 (M.D. Fla. 1995). Instead, the moving party must demonstrate "why the court should reconsider its prior decision" and must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Williams, 320 F. Supp. 2d at 1358 (internal quotation marks omitted). "[R]econsideration of a previous order is an extraordinary remedy, to be employed sparingly." Id. (internal quotation marks omitted).

Here, Bedick's Motion essentially rehashes the same arguments he raised in opposing Plaintiff's summary-judgment motion and requested sanctions. Bedick again asserts that his fraudulent concealment of commission payments to Martin Rosenthal did not harm any customers, that Bedick eventually admitted his wrongdoing, and that the National Futures Association has already imposed significant sanctions against him. But these points are hardly new. Indeed, the Court already considered them in determining the proper sanctions to be assessed against Defendants. See, e.g., DE 74 at 20, 22-23, 30.

Further, Bedick's request to present testimony from his former customers about his "honesty and integrity," DE 77 at 4, once again ignores the central point of this case: Bedick admittedly engaged in a years-long fraudulent scheme against industry

regulators, and severe sanctions are needed to punish that conduct, prevent unjust enrichment, and deter further misconduct. Former customers' opinions of Bedick, based on their business dealings with him, do nothing to address the serious fraud perpetrated by Bedick here. See DE 77 at 6-31 (customer statements). That fraud included lying to regulators during two separate audits and manufacturing fake invoices to hide commission payments to Rosenthal, an unregistered advisor who was barred from trading. See DE 74 at 23 ("[E]ven if no customers were directly harmed by Bedick's misrepresentations, his argument once again overlooks that this action is based on his repeated lies to regulators over the course of several years.").

In sum, Bedick has shown no valid basis for reconsidering the Order imposing sanctions against him and denying his request for a hearing. And to the extent Bedick seeks to "submit a detailed statement in support of appropriate sanctions," DE 77 at 1, the Court finds that he has already had a full opportunity to address that issue. Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Martin Harold Bedick's Motion for Reconsideration of Order Denying My Request for a Hearing on the Sanctions [DE 77] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of February, 2013.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of record

Martin Harold Bedick
3498 Pine Haven Circle
Boca Raton, FL  33431

3